IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

Plaintiff,

v.  CRIMINAL ACTION NO. 3:02-CR-64(4)
(JUDGE GROH)

**MAURICE JOHNSON,**

Defendant.

### ORDER DENYING MOTION FOR SENTENCING TRANSCRIPT

On November 4, 2013, the *pro se* Defendant, Maurice Johnson, filed a letter requesting a copy of his sentencing transcript [Doc. 835]. The letter does not state a reason for this request. The Court construes the Defendant's letter as a motion because he is specifically seeking copies of documents without paying a fee for their production.

28 U.S.C. § 753(f) provides, in pertinent part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes.

It is well settled that a federal prisoner is not entitled to copies of court records at government expense, without a showing of need, merely to search the record for possible error. ***United States v. Glass***, 317 F.2d 200, 202 (4th Cir. 1963). The Fourth Circuit Court of Appeals has held that a Defendant seeking free access to transcripts because "he plans to raise claims of prosecutorial misconduct and ineffective assistance of counsel in a habeas proceeding filed pursuant to 28 U.S.C. § 2255" did not demonstrate an adequate

need for the transcripts by merely providing the type of claims he planned to present in his habeas motion. *United States v. Brown*, 36 Fed. Appx. 519 (4th Cir. 2002).

Upon review of this motion, this Court finds that the Defendant has not presented an adequate need for the requested sentencing transcripts. He has not asserted any particular need or rationale for his request. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Defendant's motion for his sentencing transcript.

If the Defendant would like a copy of the sentencing transcript, he must pay the proper fees to the Clerk's office. The fee for the sentencing transcript is estimated to be $164.25. The Defendant therefore must remit this amount to the Clerk's office to acquire a copy of the transcript.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** November 7, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE